**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KEVIN JOSEPH FALLER, § | |
| CHRISTOPHER GAY, LARRY § | |
| PLAKE, and MICHAEL ROUSSEL § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-0477 |
| § | |
| CHEVRON CORPORATION, § | |
| CHEVRON NIGERIA LIMITED, § | |
| GLOBAL INDUSTRIES, GLOBAL § | |
| INDUSTRIES LTD., AND GLOBAL § | |
| OFFSHORE INTERNATIONAL, LTD. § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

The parties in this case have settled their disputes and have jointly moved for an order dismissing all claims with prejudice and entering final judgment. (Docket Entry No. 35). One of the attorneys for the plaintiffs, Kristi A. Post, has moved for leave to intervene to recover fees she claims she is owed by Ungar & Byrne, A.P.L.C., her former employer, under an employment agreement. (Docket Entry No. 32). Ungar & Byrne responded, opposing the intervention, (Docket Entry No. 38), and Post replied, (Docket Entry No. 39). The disputed amount is on deposit in the registry of this court. The same fee dispute is the basis of a suit between Post and Ungar & Byrne pending in the Civil District Court for the Parish of Orleans, State of Louisiana (Civil Action No. 08-10843).

Based on the pleadings; the motion, response, and reply; and the applicable law, this court denies Post's motion for leave to intervene. The disputed funds in this court's registry

will be transferred to the registry of the Civil District Court for the Parish of Orleans, State of Louisiana, pending resolution of Civil Action No. 08-10843 between Kristi Post and Ungar & Byrne.  The reasons for these rulings are set out below.

**I.     Background**

The plaintiffs in this suit entered into contingency fee agreements with Ungar & Byrne, a Louisiana law firm, to represent them in pursuing their claims against defendants arising from a May 8, 2007 incident.  In August 2007, Ungar & Byrne contracted with the O'Quinn Law Firm of Houston, Texas.  Under this contract, the two firms agreed to share the 33 1/3 percent contingency fee on a 50/50 basis.  Post asserts that on September 1, 2007, Ungar & Byrne agreed to pay her a percentage of the contingency fee earned by Ungar & Byrne in this case as well as in other matters in which Post represented plaintiffs as part of her employment with Ungar & Byrne.  Post believes that Ungar & Byrne will not pay.  She moves for leave to intervene to assert a claim for a share of the fees that will be paid from the settlement of this case.  She asserts that the future of Ungar & Byrne is in doubt because on July 17, 2008 Randy J. Ungar's law license was suspended by the State Bar of Louisiana for two years.  (Docket Entry No. 39, Ex. 4).

Post has also moved for leave to intervene in two cases in federal district court in Louisiana to recover disputed fees.  She has also filed a lawsuit against Ungar & Byrne in the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Action No. 08-10843, Sec. B-15, asserting her entitlement to fees, including part of the fees from the settlement of this case.

Post moved for leave to intervene in this case on September 26, 2008. On October 6, 2008, this court granted defendant Global Industries, Ltd.'s unopposed motion to deposit one-sixth of the settlement amount, representing Ungar & Byrne's share under the contingency fee agreements, into the registry of the court. (Docket Entry No. 34). Global Industries deposited $1,333,333.32 into the registry. The case was reinstated for the limited purpose of allowing the deposit of the disputed funds so that plaintiffs could receive the undisputed settlement amounts without delay because of the fee dispute between Post and Ungar & Byrne. The case was closed, without prejudice, based on the settlement, pending preparation of the settlement documents. Although the parties ask the court to enter final judgment, Post asks to intervene to assert her entitlement to part of the funds. On October 14, 2008, an agreed motion was filed to disburse the undisputed fees – amounting to $933,333.10 – to Ungar & Byrne. (Docket Entry No. 36). The disbursement order stated that "[t]he remainder of the deposit made by Global Industries on October 7, 2008 shall be held in the registry of the court pending resolution of the fee dispute." (Docket Entry No. 37).

## I.     The Legal Standards

Rule 24(a) provides:

> On timely motion, the court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

3

FED R. CIV. P. 24(a). The courts have interpreted Rule 24(a)(2) to require that: (1) the intervention application be timely; (2) the applicant have an interest relating to the property that is the subject of the action; (3) the applicant is so situated that the disposition may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest is inadequately represented by the existing parties. *See Sierra Club v. City of San Antonio*, 115 F.3d 311, 314 (5th Cir.1997) (citing *Sierra Club v. Glickman*, 82 F.3d 106, 108 (5th Cir.1996)).

Rule 24(b) (1) provides:

> On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

FED. R. CIV. P. 24(b). Permissive intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n. 2 (5th Cir.1989). District courts should also consider whether the existing parties adequately represent the proposed intervenor's interests and whether the intervenor's presence is likely to contribute significantly to the development of underlying factual issues. *Id.* at 189.

Rule 24 represents "'an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to

prevent the single lawsuit from becoming fruitlessly complex or unending.'" *United States v. Texas Eastern Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (quoting *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969) (en banc)).  Because Rule 24 attempts to address a wide variety of situations, "the facts and procedural posture of each case are important, and it is often true that 'general rules and past decisions cannot provide uniformly dependable guides.'"  *Texas Eastern*, 923 F.2d at 412 (quoting *Smuck*, 408 F.2d at 179).

**II.     Analysis**

Post argues that she is entitled to intervene under Rule 24(a) because she has an interest relating to the property that is the subject of this action as a result of her agreement with Ungar & Byrne to share the contingency fee.  Ungar & Byrne relies on *In Re Calm C's, Inc.*, 179 Fed. Appx. 911, 2006 WL 1308096 (5th Cir. 2006), for the proposition that under Louisiana law, a lawyer is not entitled to share in a contingency fee unless she is included in a written contract signed by the client.  Ungar & Byrne argues that because Post was not included in the contingent fee contract the plaintiffs signed in this case, she has no enforceable interest in the property or transaction forming the basis of the main action.  The court in *In Re Calm C's* relied on Rule 1.5(c) of the Louisiana Rules of Professional Conduct.  Post correctly notes that *In Re Calm C's* misstated Louisiana law because Rule 1.5(c) does not mention whether a lawyer must be included in a written contract signed by the client to share in a contingency fee.

In *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir.1970), the court found that a law firm with a contingency fee contract with a client could intervene as of right to in the

5

client's personal injury lawsuit after the client had discharged the firm and retained new counsel. 434 F.2d at 53.  The discharged firm moved to intervene in the underlying tort action to protect its interests under the contingency fee contract. *Id.* The district court denied the motion and the appellate court reversed.  "We think it is clear that the appellant law firm here claimed an interest in the subject of the action against Dixie Carriers, Inc., and is so situated that the final disposition of the action may as a practical matter impair or impede its interests."  Although *Gaines* has not been overruled, the Fifth Circuit has criticized the holding. *See Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir.1986) ( "[a]lthough Gaines may not represent the most persuasive use of Fed.R.Civ.P. 24, it binds us as the law of this circuit until modified [en banc ].  We see no basis upon which to distinguish the instant case from Gaines. We find, therefore, that the district court erred in not granting [applicant's] motion to intervene.").  In any event, *Gaines* does not control this case.  Post is not seeking to recover fees under an agreement with the plaintiffs in this action, but from her former employer, one of the law firms representing the plaintiffs.

Citing *Sonnier v. Tako Towing, Inc.*, 1992 WL 329723 (E.D. La. 1992), Post argues that her agreement with Ungar & Byrne on sharing contingent fees entitles her to intervene in this case.  In *Sonnier*, the court held that a fee-division agreement is a sufficient interest to support intervention of right under Rule 24(a).  *Sonnier*, 1992 WL 329723, at *3.  In *Sonnier,* a plaintiff entered into a contingency fee agreement with an attorney, J. Mac Morgan, to handle a claim against Tako Towing.  Morgan subsequently joined the law firm of Gainsburgh, Benjamin, Fallon, David, & Ates ("Gainsburgh").  Morgan and the firm

entered into a contract under which Morgan would receive 50% of any fee collected in cases in which he had been retained before joining the firm. *Id.* The contract also provided that in the event the firm terminated Morgan's employment, he would receive 50% of the fees later paid by firm clients who chose to be represented by Morgan. Finally, the contract stated that Morgan would reimburse the firm for any expenses incurred regarding such cases. *Id.* Morgan filed suit on Sonnier's behalf while employed with the firm. Several months later, Morgan's employment with the firm was terminated. Sonnier stayed with Morgan as counsel. *Id.* Morgan and the firm signed a joint stipulation stating that the firm was entitled to recover the more than $4,000 in costs it had incurred in the Sonnier suit and to recover its share of any fees Morgan received. *Id.* at *2. After Sonnier and Tako settled, the firm sought to intervene to recover its fees and costs. Morgan opposed the intervention, arguing that the firm did not have an interest in the litigation because Sonnier had never signed a contingency fee contract with the firm. *Id.* at *2. The court determined that the firm clearly had no "interest" under a contingency fee agreement with plaintiff that would allow intervention as of right under Rule 24(a). *Id.* *3. But the court found that the firm had a sufficient "interest" under Rule 24(a) as a result of its fee-division agreement with Morgan. *Id.* The court cited *Scurto v. Siergrist*, 598 So.2d 507 (La. App. 1st Cir. 1992), which held that:

> In the situation where a retained attorney associates, employs or procures the employment of another attorney to assists him in handling a case involving a contingency fee, the agreement regarding division of the fee is a joint venture which gives the parties to the contract the right to participate in the fund

7

resulting from the payment of the fee by the client.

*Scurto*, 598 So.2d at 510. The *Sonnier* court determined that the fee arrangement between Morgan and the firm was a "joint venture." *Sonnier*, 1992 WL 329723, at *4. Because Morgan and the firm "contracted in advance to participate in any funds resulting from the Sonnier action, the firm ha[d] a legally protectable interest sufficient to allow intervention of right." *Id.* at *4.

This court need not decide whether Post has an interest entitling her to intervene as a matter of right in this case.[1] This case is now entirely resolved except for the dispute between Post and Ungar & Byrne over the division of part of the contingent fee received in the settlement. As Post recognizes, the agreed order to retain the disputed funds in this court's registry pending resolution of the fee dispute has protected any interest she may have and preserved the funds in which she claims an interest. (Docket Entry No. 39, Ex. 3 at 4). Post's claim, and the competing claim of Ungar & Byrne, presents a dispute between Louisiana parties under a Louisiana contract that is to be interpreted under Louisiana law. Post has filed suit in Louisiana state court to recover these and other fees under her employment agreement. Post does not ask this court to allow her to intervene so that this

---

[1] Permissive intervention is inappropriate here. Post's claim does not involve questions of fact or law that are common to the questions raised in the main action. Her quarrel is not with either the plaintiffs or the defendants to this lawsuit, but with her former employer. Her quarrel is not about any of the liability or damages issues raised in the lawsuit, but about her claim to part of the contingent fee to be paid out of the settlement. Post's dispute is separate and apart from this suit. Indeed, Post has implicitly recognized that fact by bringing a lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana to recover her fees under an employment agreement with Ungar & Byrne.

court can resolve the fee dispute. Rather, Post asks this court to hold the funds in the registry of the court and stay this matter until the Louisiana courts resolve the dispute. (Docket Entry No. 39, Ex. 3 at 9). But Post concedes that the purpose of the intervention has already been achieved by the preservation of the funds pending resolution of the dispute. As Post acknowledges, "[t]he issue remaining is not. . . the right to intervene, but rather preservation of the funds in accordance with the Order currently in effect." (*Id.*, Ex. 3 at 4). Although Ungar & Byrne agreed to this court's order to retain the disputed funds in the registry until the fee dispute was resolved, it now asks this court to deny intervention, enter final judgment, and release and disburse the funds.

Because all the parties' claims in this case are dismissed, the only remaining dispute is the fee dispute. This dispute arises under Louisiana law and is between Louisiana lawyers who contracted in Louisiana. The fee dispute is already the subject of a pending Louisiana lawsuit. Judicial economy and comity weigh strongly against this court granting Post leave to intervene and retaining jurisdiction over the fee dispute. At the same time, given Ungar & Byrne's agreement that the disputed funds should be kept in a court registry pending court resolution of the fee dispute with Post, releasing the disputed funds to Ungar & Byrne would be inappropriate.

This court will transfer the disputed funds to the registry of the Civil District Court for the Parish of Orleans, State of Louisiana, to be held by that court pending its resolution of Civil Action No. 08-10843, Sec. B-15. The motion to intervene is denied as moot. Final judgment will be entered by separate order.

## III.     Conclusion

Post's motion for leave to intervene is denied. The disputed funds that are in this court's registry ($400,000.22) are transferred to the registry of the Civil District Court for the Parish of Orleans, State of Louisiana, pending resolution of Civil Action No. 08-10843, Sec. B-15 between Kristi Post and Ungar & Byrne. An order of transfer is entered separately.

SIGNED on November 4, 2008, at Houston, Texas.

                                             Lee H. Rosenthal
                                             United States District Judge